532 P.2d 588

**David FASKEN, Petitioner-Appellant,**

v.

**OIL CONSERVATION COMMISSION of the State of New Mexico, Respondent-Appellee.**

**No. 9958.**

Supreme Court of New Mexico.

Feb. 28, 1975.

Montgomery, Federici, Andrews, Hannahs & Buell, Santa Fe, for petitioner-appellant.

William F. Carr, Special Asst. Atty. Gen., Santa Fe, for respondent-appellee.

OPINION

STEPHENSON, Justice.

This appeal is from two summary judgments entered by the Eddy County District Court which affirmed two orders of the Oil Conservation Commission (Commission). Appellant (Fasken) had filed two applications with the Commission seeking either the establishment of certain property (under lease to Fasken) within the Indian Basin-Morrow Gas Pool as a separate and distinct pool with special pool rules for production or, as an alternative, the exemption of Fasken's wells from prorationing within the Indian Basin–Morrow Gas Pool and the establishment of special production allowables. After a trip up the statutory hearing ladder (see §§ 65–3–11.1, 65–3–22(a), (b), N.M.S.A.1953) resulting in the denial of the applications, Fasken appeals, complaining first, that the findings of fact relied upon by the Commission are not supported by substantial evidence and second, that the Commission's orders are invalid because they do not contain any findings to show the reasoning behind the determination that waste was not occurring.

Fasken elicited evidence from his sole witness indicating that the northern portion of the Indian Basin-Morrow Gas Pool was a separate and distinct source of supply from the southern portion of the same pool. The witness attempted to support this assertion by proof of a "saddle" or "trough" in the Morrow sand dividing the pool. It was also asserted that because of the pressure differentials between the northern and sourthern portions of the pool, the water plug in the "saddle" was migrating south causing a premature watering out of wells on the north flank of the southern portion of the pool. Additionally, the witness testified that gas from the north pool was being trapped in the water making it non-recoverable and, consequently, gas was being wasted.

The Commission did not put on any testimony. Some of the Commission's expert staff cross-examined Fasken's witness but, other than emitting a general tenor of suspicion and disbelief of the proffered testimony, the record fails to provide any illumination as to why the testimony was wrong and should be disregarded. Nevertheless, the Commission found there was a single common source of supply, that granting the applications would violate correlative rights, and, that their denial was necessary to prevent waste.

Fasken acknowledges he has the burden of establishing the invalidity of the Commission's orders. § 65–3–22(b), N.M.S.A. 1953. But he contends that the Commission could not summarily disregard the uncontradicted evidence, enter the orders and maintain they are supported by substantial evidence. Medler v. Henry, 44 N.M. 275, 101 P.2d 398 (1940); Board of Education v. State Board of Education, 79 N.M. 332, 443 P.2d 502 (Ct.App.1968). He dwells on the Commission's failure to put on any evidence. The Commission says that the Fasken testimony was tainted with all of the deficiencies which, according to Medler, justify disregarding it, that Fasken failed in his proof, and the orders have sustaining support.

In their argument in this court, each party attempts to explain precisely what is transpiring 5700 feet below the surface of Eddy County. Certainly we do not want for theories. We suffer from a plethora of theories. The theories of each party sound equally logical and reasonable and each is diametrically opposed to those of the other party. The difficulty with them is that they emanate from the lips and pens of counsel and are not bolstered by the expertise of the Commission to which we give special weight and credence (Grace v. Oil Conservation Com'n, 87 N.M. 205, 531 P.2d 939 [decided January 31, 1975]); (Rutter & Wilbanks Corporation v. Oil Conservation Com'n, 87 N.M. 286, 532 P. 2d 582 [decided February 21, 1975]), nor included in its findings.

We will not attempt to traverse this bog. We are not fact finders or weighers. Rather, we consider whether, as

a matter of law, the action of the Commission was consistent with and within the scope of its statutory authority and whether the administrative order is supported by substantial evidence. Grace v. Oil Conservation Com'n; Rutter & Wilbanks Corporation v. Oil Conservation Com'n.

Nor will we be drawn into a discussion of how the Commission should have put on its case, if it had one.

All of the issues of this case may be resolved by simple rules, clearly stated by this court on several occasions. In cases where the sufficiency of the Commission's findings is in issue or their substantial support is questioned, after the dust of the Commission hearing has settled, the following must appear:

■ A. Findings of ultimate facts which are material to the issues. Such findings were characterized as "foundationary matters", "basic conclusions of fact" and "basic findings" in Continental Oil Co. v. Oil Conservation Com'n, 70 N. M. 310, 373 P.2d 809 (1962). These findings have to do with such ultimate factors as whether a common source of supply exists, the prevention of waste, the protection of correlative rights and matters relative to net drainage. Whether the ultimate findings in this case are sufficient we do not decide. Their sufficiency is not disputed by Fasken in this appeal.

B. Sufficient findings to disclose the reasoning of the Commission in reaching its ultimate findings. In Continental, it was said that although elaborate findings are not necessary, nevertheless:

" * * * Administrative findings by an expert administrative commission should be sufficiently extensive to show * * * the basis of the commission's order." Id. at 321, 373 P.2d at 816.

■ Such findings are utterly lacking here and reversal is thereby required. We do not have the vaguest notion of how the Commission reasoned its way to its ultimate findings. We have only the theories

stated in argument of counsel which we are ill-equipped to gauge.

C. The findings must have substantial support in the record. This requirement was recently discussed and redefined in Grace, but we do not reach this question owing to the deficiencies in the findings themselves.

The summary judgments are reversed. The orders of the Commission are set aside. The cases are remanded to the Commission for the making of additional findings of fact based upon the record as it presently exists, and the entry of new orders.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.