This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SOUTHWEST ENERGY EFFICIENCY PROJECT, ENVIRONMENT NEW MEXICO, SUNDANCER CREATIONS CUSTOM BUILDERS, LLC, eSOLVED, INC., the SIERRA CLUB, TAMMY FIEBELKORN, FAREN DANCER, SANDERS MOORE, ERIKA WOLF, and SOMMER BATTERSON,**

     Appellants,

v.

                                **NO.  31,383, consolidated with 31,384; 31,385; and 31,386**

**THE NEW MEXICO CONSTRUCTION INDUSTRIES COMMISSION, the NEW MEXICO CONSTRUCTION INDUSTRIES DIVISION, and RICHARD W. TAVELLI,**

     Appellees.

**APPEAL FROM THE NEW MEXICO CONSTRUCTION INDUSTRIES COMMISSION**

New Mexico Environmental Law Center
Douglas Meiklejohn
R. Bruce Frederick
Eric Jantz
Jonathan Block
Santa Fe, NM

for Appellants

Gary K. King, Attorney General
Justin R. Woolf, Assistant Attorney General
Albuquerque, NM

for Appellee New Mexico Construction Industries Commission

Regulation & Licensing Dep't
James C. McKay, Chief General Counsel
Santa Fe, NM

for Appellee Construction Industries Division
and Richard W. Tavelli

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}    Southwest Energy Efficiency Project, Environment New Mexico, Sundancer Creations Custom Builders, LLC, eSolved, Inc., the Sierra Club, Tammy Fiebelkorn, Faren Dancer, Sanders Moore, Erika Wolf, and Sommer Batterson (Appellants) appeal adoption of revisions to four building codes[1] by the New Mexico Construction Industries Commission (Commission), the New Mexico Construction Industries Division (CID), and Richard W. Tavelli, Director of the Division.  Because the

---

[1] The New Mexico Energy Conservation Code (14.7.6 NMAC (08/01/2011)), New Mexico Plumbing Code (14.8.2 (01/28/2011)), New Mexico Mechanical Code (14.9.2 NMAC (08/01/2011)), and New Mexico Electrical Code (14.10.4 NMAC (11/01/2011)).

Commission failed to state any reason for its adoption of the revisions, it did not provide a record sufficient for meaningful appellate review. The revisions are set aside and the matter remanded for proceedings consistent with this Opinion.

**I.      BACKGROUND**

{2}      In April 2011, the Commission began considering proposed revisions to New Mexico's electrical, energy conservation, mechanical, and plumbing codes. The purpose of the revisions was to "remove energy conservation requirements that are beyond the 2009 International Energy Conservation Code." The Commission held four public meetings on June 2, 2011, in Albuquerque, Farmington, Las Cruces, and Roswell and received comments from the public in writing as well as at the meetings.

{3}      The Commission voted to adopt the proposed revisions on June 10, 2011, at a public meeting. We refer to the revisions adopted on that day as the "revised codes." At that meeting, the chair of the Commission, Randy Baker, made a brief comment which was followed by a motion to adopt the revised energy conservation code. The motion was passed with one dissenting vote. Motions for adoption of the revised plumbing, mechanical, and electrical codes followed and each passed with one dissenting vote. There was no discussion or deliberation about the revised codes during the voting. The draft minutes of the meeting were reviewed and finalized with one amendment on July 27, 2011, at a public meeting. Since the Commission did not

adopt any separate findings or orders, the minutes of the June 2011 meeting are the only record of the Commission's deliberation and decision. Appellants appealed to this Court pursuant to NMSA 1978, Section 61-1-31(A) (1981) ("Any person who is or may be affected by a regulation adopted by the [Commission] may appeal to the court of appeals for relief.").

## II. DISCUSSION

{4}     Appellants make seven arguments for why "this Court should reverse the Appellees' decisions to adopt the [revised c]odes." However, we agree with Appellants' first argument and because that determination is dispositive, we need not address the others.

{5}     Appellants maintain that adoption of the revised codes must be reversed because the Commission failed to "explain the reasons for [its] decisions so that reviewing courts can conduct meaningful review." Appellants rely on *Fasken v. Oil Conservation Commission*, 87 N.M. 292, 532 P.2d 588 (1975) and *City of Roswell v. New Mexico Water Quality Control Commission*, 84 N.M. 561, 505 P.2d 1237 (Ct. App. 1972) in support of this contention. In *Fasken*, appellant appealed the Oil Conservation Commission's (OCC) denial of his applications on the basis of a lack of specific findings sufficient for review on appeal. 87 N.M. at 294, 532 P.2d at 590. There, the OCC had entered ultimate findings, but no factual findings on which those

4

conclusions were based. *Id.* at 293, 532 P.2d at 589 (stating the ultimate findings); *id.* at 294, 532 P.2d at 590 (stating that no factual findings were entered). The Supreme Court concluded that "reversal is . . . required [because it did] not have the vaguest notion of how the [OCC] reasoned its way to its ultimate findings." *Id.* In *City of Roswell*, the New Mexico Water Quality and Control Commission adopted two regulations and the City of Roswell appealed. 84 N.M. at 562, 505 P.2d at 1238. The "record reveal[ed] only the notice of the public hearing, the testimony of the various experts and others, some exhibits and the regulations." Stating that "[w]e have no indication of what the [c]ommission relied upon as a basis for adopting the regulations[,]" this Court concluded that "[it could not] effectively perform the review authorized by [statute without] indicat[ion of] what facts and circumstances were considered and the weight given to those facts and circumstances." *Id.* at 565, 505 P.2d at 1241.

{6} These cases rest on the standard of review for administrative decisions, which limits review to determination of whether the regulation is "(1) arbitrary, capricious or an abuse of discretion; (2) contrary to law; or (3) against the clear weight of substantial evidence of the record." Section 61-1-31(C). In addition, unlike our review of district court decisions, the separation of powers doctrine prevents courts from providing a rationale for a decision when the administrative body fails to do so.

5

*Atlixco Coal. v. Maggiore*, 1998-NMCA-134, ¶ 20, 125 N.M. 786, 965 P.2d 370 ("For the court to supply reasons for the [s]ecretary . . . is not consistent with the doctrine of separation of powers because it foists upon the court what is essentially the function of the Executive Branch of government." (internal quotation marks and citation omitted)). Under these principles, it is clear that this Court cannot review whether the Commission's acts were "arbitrary, capricious or an abuse of discretion[,] . . . contrary to law[,] or . . . against the clear weight of substantial evidence of the record" unless the Commission provides an explanation for its actions. Section 61-1-31(C).

{7}     The Commission and the CID contend that reversal is not required because *Fasken* and *City of Roswell* are "inapposite" to this case, because the "voluminous record of public participation" supports the Commission's decisions and is sufficient to permit this Court to review them, and because the Commission chair made statements that indicate that "the Commission was considering adoption of regulations for articulated and clear reasons." These arguments are unavailing.

{8}     The Commission and CID cite three cases in which our appellate courts have distinguished *Fasken* or *City of Roswell*. We understand their argument to be that these cases stand for the proposition that *Fasken* and *City of Roswell* "are not relevant when measured against the totality of the . . . [record proper]." The Commission and CID misstate the Court's holdings in those cases. What distinguishes them from

*Fasken* and *City of Roswell* is not the size of the record but the presence of a statement of the rationale behind the ultimate decision by the administrative body. In *Bass Enterprises Production Company v. Mosaic Potash Carlsbad, Inc.*, the OCC had entered findings in the form of orders, and this Court determined that "[t]he OCC's *orders* in the context of the evidence presented, and the statutory mandates and rules implemented by the OCC, clearly demonstrate a rational connection between the facts found and choices made." 2010-NMCA-065, ¶ 48, 148 N.M. 516, 238 P.3d 885 (emphasis added). Similarly, in *Regents of the University of California v. New Mexico Water Quality Control Commission*, this Court determined that there was "a sufficient foundation to perform its task of review" found in the "record containing oral testimony, written testimony, exhibits, comments, *and statement of reasons*." 2004-NMCA-073, ¶ 14, 136 N.M. 45, 94 P.3d 788 (emphasis added). Finally, in *Bokum Resources Corporation v. New Mexico Water Quality Control Commission*, our Supreme Court held that it could review the commission's decisions because the commission had given *eight general reasons* behind adoption of new regulations. 93 N.M. 546, 553, 603 P.2d 285, 292 (1979) ("We agree . . . that the [c]ommission reasonably complied with the principle set forth in *City of Roswell*: that reasons should be given upon which the [c]ommission bases its adoption of regulations."). Thus, in those cases appellate review was possible and appropriate because the record

7

included both a statement of reasons and a record proper of sufficient heft to permit the Court to assess whether the reasons were supported in fact or law. The record here contains no factual findings and no statement of reasons. *Bass*, *Regents of the University of California*, and *Bokum* are not controlling here.

**{9}** The Commission and CID also argue that the Commission's rationale for adoption of the revised codes can be found in statements made by the chair of the Commission at the meeting at which the revised codes were adopted and another meeting over a month later. They maintain that "[t]hese cumulative statements of June 10, 2011 and July 27, 2011 by Chairman Baker . . . 'suffice' as the Commission's reasoning to adopt the [c]odes[.]" We disagree for two reasons.

**{10}** First, the June 10, 2011 statement is too general to serve as a "rationale" for adoption of complex electrical, plumbing, mechanical, and energy conservation codes. Appellees point out that "general statements" of reasons for administrative action have been acceptable in other cases. *See Regents of the Univ. of Cal.,* 2004-NMCA-073, ¶ 13; *Bokum*, 93 N.M. at 552-53, 603 P.2d at 291-92. In *Regents of the University of California*, the commission gave the following reasons:

> 4. The changes approved herein to New Mexico's water quality standards protect public health and welfare, enhance the quality of New Mexico's waters, and serve the purposes of the Clean Water Act and the New Mexico Water Quality Act.

> 5. The changes approved herein . . . respect the use and value of the water for water supplies, propagation of fish and wildlife, recreational purposes, and agricultural, industrial and other purposes.
>
> 6. The regulatory changes affected herein are designed to meet the EPA *Guidelines.*

2004-NMCA-073, ¶ 11 (alteration in original). The Court "observe[d] that the [c]ommission's statement of reasons for adopting the regulations is quite general, more so than approved in other cases. . . . Nevertheless, [it] believe[d] it an adequate statement, albeit barely so." *Id.* ¶ 13. That "barely adequate" statement of reasons is in fact far more specific than the statement relied on here. The first statement was made just before the Commission voted on the revised codes. Chairman Baker said

> I think that we are all trying to do what is best for New Mexico, for the industry, for the public at large, and it was a little concerning to find out that there was some information that came in at the latter part of our assessment of public comment that shed a little bit of a dark cloud on some of the changes for the New Mexico Energy Conservation Code. So with that I just wanted to make everybody aware that we have had some discussion on trying to figure out exactly what the best solution is for the New Mexico Code. We are all here wanting to make sure that rulemaking decisions will long outlast us, and our future, and our families, and will take care of everybody. But I think it is important to point out that there was some areas here that we certainly were concerned with. This was handed down to us from a previous administration and I just want to make sure that you all are aware of the difficulty that we have in making these decisions.

{11} An assertion that the Commission was doing what was "best for New Mexico, for the industry, [and] for the public at large" is far too broad to be a sufficient

9

statement of reasons to permit review of the Commission's decision on appeal. Presumably, all administrative bodies seek to act in the "best interest" of their constituents and the public but a statement of reasons sufficient for review requires more. The statement here provides no "indicat[ion of] what facts and circumstances were considered and the weight given to those facts and circumstances" and is, therefore, insufficient for review. *City of Roswell,* 84 N.M. at 565, 505 P.2d at 1241.

{12}     Second, the July 27, 2011, statement cannot be considered because it was made too late. Chairman Baker moved to amend the minutes of the June 10, 2011, meeting to reflect the number of members of each organization that had expressed support for the revised codes and that "the numbers speaking in favor of the [c]ode[s] was [actually] significantly larger . . . than those in opposition." This statement, however, was made well after the vote was taken. We "are not free to accept . . . *post hoc* rationalizations," such as the July 27, 2011 statement, "since 'in dealing with a determination or judgment which an . . . agency alone is authorized to make, [we] must judge the propriety of such action solely by the grounds invoked by the agency.' " *Tenneco Oil Co. v. N.M. Water Quality Control Comm'n*, 107 N.M. 469, 474, 760 P.2d 161, 166 (Ct. App. 1987), (alteration in original), *(*quoting *Securities & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947)), superceded by statute on other grounds as stated in N.M. Mining Ass'n v. N.M. Water Quality Control Comm'n,*

10

2007-NMCA-010, ¶ 19, 141 N.M. 41, 150 P.3d 991. In *Tenneco*, this Court considered whether a statement prepared after a vote was a "*post hoc* rationalization" and determined that it was not because "it was compiled, edited and adopted before the regulations were filed." *Id.* In contrast, here Chairman Baker's July 27, 2011, statement was made after the vote was taken and after the revised codes were filed with the State Records Center. We conclude that the July 27, 2011, was a *post hoc* rationalization and decline to consider it as a statement of reasons for adoption of the revised codes.

{13} The Commission and CID also make several arguments relying on *Pharmaceutical Manufacturers Association v. New Mexico Board of Pharmacy*, 86 N.M. 571, 576, 525 P.2d 931, 936 (Ct. App. 1974). The gist of these arguments is that the statements of a single Commission member (Chairman Baker) could suffice to serve as a statement of reasons when the other Commission members did not object and/or "adopted" the statements through silence. *See id.* Since we have determined that Baker's statements are insufficient to permit review, we need not address whether they were adopted by the entire Commission.

**III.   CONCLUSION**

{14} The revised codes listed in footnote one are set aside and the matter remanded to the Commission for reconsideration, a new vote, and a statement of reasons for the

vote, preferably in written form. *See Atlixco Coal.*, 1998-NMCA-134, ¶ 44; *City of Roswell*, 84 N.M. at 565, 505 P.2d at 1241; *Fasken*, 87 N.M. at 294, 532 P.2d at 590.

{15}    **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**